NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
30207
10-MAR-2011
11:29 AM**

NO. 30207

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE INTEREST OF LK

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 06-11094)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Appellant-Mother (**Mother**) appeals from the Order Awarding Permanent Custody filed on November 18, 2009, in the Family Court of the First Circuit (**Family Court**).[1] In the Order Awarding Permanent Custody, the Family Court, *inter alia*, granted Petitioner-Appellee Department of Human Resource's (**DHS's**) Motion for Order Awarding Permanent Custody and Establishing a Permanent Plan for Mother's child (**LK**), divested Mother of her parental and custodial duties and rights over LK, and awarded permanent custody of LK to DHS. The Order Awarding Permanent Custody was based in part on findings that Mother was not presently willing and able to provide LK with a safe family home, even with the assistance of a service plan, and that it was not reasonably foreseeable that she would be able to do so within a reasonable period of time. The Family Court found that DHS's proposed

---

[1] The Honorable Christine E. Kuriyama presided.

Permanent Plan (**Permanent Plan**), which included the ultimate goal of adoption, was in LK's best interests.

On appeal, Mother argues that the Family Court erred in finding that she could not provide a safe family home for LK, even with the assistance of a service plan, presently and/or within a reasonable amount of time. In addition, with reference to the Family Court's Findings of Fact and Conclusions of Law filed on January 6, 2010, Mother contends that Findings of Fact (**FOFs**) 71, 84, 85, 111-118, and 144-47 are not supported by substantial evidence, and that Conclusions of Law (**COLs**) 9-11 are based on erroneous FOFs and should, therefore, be set aside.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Mother's points of error as follows:

The Family Court did not clearly err in determining, pursuant to Hawai'i Revised Statutes (**HRS**) § 587-73(a) (2006), that Mother was not willing and able to provide a safe family home for LK and would not become willing and able to do so within a reasonable period of time. Although Mother contests FOFs 71, 84, 85, 111-118, and 144-47, with the exception of FOFs 116-117, Mother does not offer any argument or support for the contention that the FOFs are clearly erroneous. Based on the Family Court's undisputed FOFs, including FOFs 48-51, 76-80, 90-94, 99, 102-110, 133-141, challenged FOFs which are not argued on appeal, including 84-85, 111-118, and 144-147, and the substantial evidence in the record, including the testimony given at trial and DHS's Safe Family Home Report, FOFs 116-17 are not clearly erroneous and COLs 9-11 are not wrong. See In re Doe, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001) (setting forth standards of review of FOFs and COLs in cases concerning HRS § 587-73(a)).

It is undisputed that Mother's step-father sexually abused her from the time she was in third grade to the time she

was in eighth grade, which resulted in her pregnancy with LK when she was only fourteen years old. There is evidence that this experience and her young age contributed to her inability to effectively parent LK, and Mother is clearly deserving of sympathy. However, Mother has not identified any authority supporting her argument that Family Court erred in not applying a different standard in this case because of Mother's own history of abuse. The record on appeal reveals that, in acknowledgment of Mother's young age and difficult circumstances, DHS waited nearly two years longer than it typically would have to move for permanent custody of LK, to give Mother a chance to develop her parenting ability and participate in therapy for sexual abuse. However, as stated above, the record in this case supports the Family Court's decision to terminate Mother's parental rights.

For these reasons, the Family Court's November 18, 2009 Order Awarding Permanent Custody is affirmed.

DATED: Honolulu, Hawai'i, March 10, 2011.

On the briefs:

Randal I. Shintani
for Mother-Appellant

Mary Anne Magnier
Deputy Attorney General
Rebecca A. Copeland
Deputy Solicitor General
for Petitioner-Appellee
Department of Human Services

Chief Judge

Associate Judge

Associate Judge

3